UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CANDELA CORPORATION | : |
| Plaintiff, | : |
| v. | : C.A. No.:_____ |
| AE MEDICAL TECHNOLOGIES, INC. | : |
| Defendant. | : |

**COMPLAINT**

Candela Corporation ("Candela"), by and through its undersigned attorneys, hereby brings this action against Defendant AE Medical Technologies, Inc. ("AE Medical"). In support thereof, Candela alleges as follows:

**INTRODUCTION**

1. Candela is a leading US-based global medical aesthetic device company with headquarters in Marlborough, Massachusetts. Candela markets, services and supports its products in nearly 100 countries. While Candela has offices in offices in North America, Israel, France, Germany, Italy, Spain, UK, Australia, China, Japan, Hong Kong, it also relies on a global network of distributors that commit to selling certain amounts of Candela's devices over defined periods of times within agreed-upon territories.

2. In Puerto Rico, Candela's distributor is AE Medical. Since at least 2023, however, AE Medical's sales of Candela devices have been declining, and AE Medical has not purchased a single Candela Device[1] since the second quarter of 2024. Even worse is that AE Medical has

---
[1] All capitalized terms that are not defined in this Complaint are defined terms in the Distributorship Agreement and shall have the same meaning as they do in the Agreement.

- 1 -

317114213

ceased producing promotional materials, submitting sales forecasts, engaging in communications with Candela and/or showing any other effort to sell Candela's Devices, all in breach of the Distributorship Agreement that Candela and AE Medical entered into.

3. Candela brings this action to determine the Parties' respective rights and obligations under the Distributorship Agreement. Specifically, Candela seeks a declaration from this Court that the Distributorship Agreement has been properly terminated. Candela additionally seeks entry of judgment against AE Medical for breach of contract and damages arising out of AE Medical's multiple material breaches of the Distributorship Agreement.

## PARTIES

4. Plaintiff Candela is a corporation organized under the laws of Delaware, with its headquarters and principal place of business located at 251 Locke Drive, Marlborough, Massachusetts.

5. Defendant AE Medical is a corporation organized under the laws of Puerto Rico, registered with the Puerto Rico Department of State under number 312869, with a principal place of business located at Road 811 Km 1.0 Ramal Cedro Cedro Abajo, Naranjito, Puerto Rico.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. § 1332(e) ("The word 'States,' as used in this section, includes … the Commonwealth of Puerto Rico.").

7. This Court has the authority to grant declaratory relief and any further appropriate relief pursuant to 28 U.S.C. §§ 2201 and 2202.

8.      This Court has personal jurisdiction over Defendant pursuant to Section 13.7 of the Distributorship Agreement, a copy of which is attached hereto as ***Exhibit 1***.  *See* Exhibit 1 [Dist. Agree.] at § 13.7 ("The competent courts of the Commonwealth of Massachusetts of the United States shall have *exclusive* jurisdiction with respect to this Agreement.") (emphasis added).

9.      Venue is proper pursuant to the Distributorship Agreement.  *See* Exhibit 1 [Dist. Agree.] at § 13.7.

## FACTUAL BACKGROUND

### A.      Candela's Business and Background.

10.     Candela is a is a leading global medical aesthetic device company that was established in 1970.

11.     Candela specializes in developing and manufacturing advanced medical aesthetic energy-based devices.

12.     Candela's technology enables physicians to provide advanced energy-based solutions for a broad range of medical-aesthetic applications, including hair removal, skin tightening, renewal and purification, wrinkle reduction, tattoo removal, facial resurfacing, traumatic and surgical scar treatments, benign vascular and pigmented lesions, acne and leg veins.

13.     Candela sells its products worldwide both through local subsidiaries and a network of distributors.

### B.      The Distributorship Agreement.

14.     Effective April 1, 2018, Candela entered into a Distributorship Agreement (the "Agreement") with AE Medical, whereby AE Medical became Candela's distributor in Puerto Rico on an exclusive basis for the Devices provided in the Agreement. *See* Exhibit 1 [Dist. Agree.] at §§ 1.1 - 1.2.

15. Under the terms of the Agreement, AE Medical has numerous obligations that it agreed to, including but not limited to: meeting quarterly purchase minimums, being in charge of all marketing and promotional efforts within Puerto Rico, generating quarterly reports, making sure that its personnel are trained on how to use Candela's products, and providing clinical training and service to customers within Puerto Rico. As discussed below, AE Medical has failed to meet its obligations under the terms of the Agreement.

C. **Candela Acted In Good Faith At All Times.**

16. For many months, Candela has been attempting to work cooperatively with AE Medical to build a mutually beneficial business relationship based on the Agreement.

17. Since at least 2023, AE Medical's sales have been declining.

18. Since at least 2023 AE Medical has failed to meet its obligations under the Agreement, as will be discussed in more detail below.

19. In an effort to work in good faith with AE Medical, Candela sent numerous emails to AE Medical and had several meetings with AE Medical (in addition to many other scheduled meetings with AE Medical that AE Medical refused to attend) to attempt to address Candela's concerns about AE Medical's slumping sales and failures to meet other obligations under the terms and conditions of the Agreement.

D. **AE Medical Breached Its Obligations to Satisfy Purchase Minimums and Use Its Best Efforts to Promote Candela's Products.**

20. Section 2.2 of the Agreement requires AE Medical to meet Purchase Minimums for Devices as set forth in Annex 2.2. In turn, Annex 2.2 established a quarterly Purchase Minimum of $160,250 for 2018, which AE Medical agreed to and empowered Candela to establish the Purchase Minimum for future years. *See* Exhibit 1 [Dist. Agree.] at § 2.2 ("Set forth in Annex 2.2 attached to this Agreement are the mutually agreed quarterly purchase minimums for Devices.").

21. Beginning in at least 2021, AE Medical repeatedly failed to meet the $160,250 quarterly purchase minimum for Devices, including in Q1, Q2, and Q4 of 2021; Q2 and Q4 of 2022; Q1, Q2, Q3, and Q4 of 2023; Q1, Q2, Q3, and Q4 of 2024; and Q1 and Q2 of 2025.

22. Most egregiously, AE Medical has failed to purchase a single Device from Candela since Q2 of 2024. In other words, it has been over a year since AE Medical purchased any Device from Candela.

23. Candela has tried to communicate with AE Medical about the Purchase Minimums and offered to discuss new Purchase Minimums that AE Medical can reasonably attain. Nonetheless, AE Medical has continuously resisted Candela's efforts, including failing to attend regularly scheduled meetings and refusing to engage in dialogue with Candela about the subject.

24. AE Medical's conduct with respect to Device sales constitutes a material breach of the Agreement and a breach of the implied duty of good faith and fair dealing.

  **E. AE Medical Breached Its Obligation to Maintain Necessary Personnel and Train Such Personnel.**

25. Section 3.5.5 of the Agreement requires that AE Medical have its current sales, clinical training and service personnel perform training for customers. *See* Exhibit 1 [Dist. Agree.] at § 3.5.5 ("Distributor agrees to have its certified sales representatives, clinical educators and service engineers attend update / refresher courses provided by Candela … Distributor acknowledges that lack of attendance of any of the certified sales representatives, clinical educators and service engineers at the above courses may lead to the revocation of their certificates and/or termination of this Agreement, in Candela's sole discretion.").

26. Throughout 2024 and to date in 2025, Candela had made clear to AE Medical that it must maintain a Clinical Educator trained and certified by Candela and that such personnel must attend a Clinical Training Course provided by Candela.

317114213

27.    This is necessary not only for compliance with the Agreement, but also for complying with applicable laws and ensuring patient safety.

28.    Candela gave AE Medial multiple reminders about the necessity of maintaining a Clinical Educator for customer training, often prompted by customers contacting Candela attempting to obtain such training, and Candela having supplied information to AE Medical regarding setting up such training for a Clinical Educator.

29.    Despite these reminders, AE Medical still has failed to hire any clinical trainers, schedule the requisite training for such personnel or maintain any Clinical Educators as required by the Agreement.

30.    Such failures constitute a breach of the implied duty of good faith and fair dealing and are also in breach of Sections 3.5.5, and 3.12, and 3.13 of the Agreement.

31.    Section 3.5.9 of the Agreement states that violations of Section 3.5.5 constitute a "material breach" of the Agreement, and empowers Candela to immediately terminate the Agreement.

**F.    AE Medical Breached Its Obligation to Meet Its Service Obligations.**

32.    Section 2.1, Section 3.11 and Annex 3.11 of the Agreement require that AE Medical satisfy certain service obligations for its customers, including responding to customer inquiries within twenty-four hours, ensuring that customer's products are not down and unusable for more than two (2) business days, and performing preventative Device maintenance consistent with applicable Device manuals.  *See* Exhibit 1 [Dist. Agree.] at § 2.1 ("The appointment of Distributor is conditioned upon the compliance of Distributor with the terms of this Agreement, including the timely supply of the Services to existing and new customers in the Territory as detailed in Section 3. 1 1 and Annex 3.11 attached to this Agreement."); § 3.11 ("Unless otherwise agreed by the

317114213

Parties in writing, Distributor shall provide existing and new customers in the Territory, with repairs, upgrades, modifications, changes, tests and maintenance services, including Candela's ServiceMax program … Distributor shall support customers with site preparation and product installation and shall keep records of same. The Parties agree that failure of Distributor to comply with the terms specified in Annex 3.11 shall be deemed a material breach of the terms and conditions of this Agreement and Candela shall be entitled, at its discretion, to either: (a) terminate this Agreement with a thirty (30) day prior written notice to Distributor; or (b) provide the Services on its own or through any third party designated by Candela."); Annex 3.11 ("Within twenty-four (24) hours from the time a customer calls Distributor, Distributor will contact the customer and determine the extent of any problem or customer requirement … Distributor's Customer down time: Not more than two (2) business days from customer contact.").

33. As Candela has communicated to AE Medical when customers have needed to contact Candela about AE Medical's lack of response to them, AE Medical has failed to meet its service obligations under the Agreement.

34. Despite repeated reminders and notices from Candela, AE Medical has not complied with multiple requests to comply with Candela's ServiceMax system as required under Section 3.11 of the Agreement, including inputting the necessary date for tracking accurate information to service Devices and mitigate diversion risks.

35. Additionally, Section 3.2 of the Agreement requires AE Medical to keep an appropriate inventory of Spare Parts, Consumables, and Accessories provided by Candela, which AE Medical has failed to do. *See* Exhibit 1 [Dist. Agree.] at § 3.2 ("Distributor shall be responsible for keeping an appropriate inventory of Spare Parts, Consumables and Accessories…/").

36. Section 3.11 of the Agreement makes clear that each of these failures are material breaches of the Agreement. Such failures are also a breach of the implied duty of good faith and fair dealing.

### G. AE Medical Breached Its Obligation to Reimburse Candela for Travel Costs Associated with Training Courses.

37. Section 3.5.7 of the Agreement requires that AE Medical bear all costs and expenses associated with Candela's personnel participating in training Courses when the training is held in a location chosen by AE Medical. *See* Exhibit 1 [Dist. Agree.] at § 3.5.7 ("In the event that Distributor and Candela agree that any of the Courses will be held at a location proposed by Distributor, then Distributor shall pay for Candela's travel and related expenses for accommodations, transportation and food for such location(s)").

38. One such training occurred on August 20, 2024, but AE Medical has failed to pay Candela's personnel expenses, despite requests to do so.

39. As made clear by Section 3.5.9, such failure constitutes a material breach of the Agreement. *See* Exhibit 1 [Dist. Agree.] at § 3.5.9 ("Failure of Distributor to comply with the terms of this Section 3.5 shall be deemed a material breach of the terms and conditions of this Agreement and, at the election of Candela, may cause the immediate termination of this Agreement.").

40. Such failure is also a breach of the implied duty of good faith and fair dealing.

### H. AE Medical Breached Its Obligations to Submit the Promotional Plan and Prepare Marketing Materials.

41. Section 3.6 of the Agreement requires AE Medical to annually submit to Candela for its approval a Promotional Plan that includes, among other things, a plan to participate in and have demonstrations at all relevant conventions and trade shows, create pre-show mailers and

promotional materials, a plan to follow up with potential customers after trade shows, a plan to conduct demonstrations and workshops for potential buyers, and a plan for advertising and media coverage *See* Exhibit 1 [Dist. Agree.] at Annex 3.6.

42. AE Medical has failed submit the Promotional Plan for, at least, 2023, 2024 and 2025 in violation of the Agreement.

43. Section 3.6 also states that it is AE Medical's sole responsibility to create, prepare, and print all training, promotion, and marketing materials, copies of which must be provided to Candela. *See* Exhibit 1 [Dist. Agree.] at § 3.6.

44. Despite multiple requests from Candela, AE Medical has failed to prepare and share the required materials, which is a breach of AE Medical's obligations under the Agreement and of the implied duty of good faith and fair dealing.

### I.     **AE Medical Breached Its Obligations to Provide Sales and Marketing Reports.**

45. Section 3.8 of the Agreement requires AE Medical to provide a quarterly sales and marketing reports to Candela, within 15 days after the end of each quarter that includes, among other things, information related to sales, average sales prices, AE Medical's inventory, a list of sales and marketing events that are expected to take place, a promotional plan, and a description of competitor activities. *See* Exhibit 1 [Dist. Agree.] at § 3.8.

46. AE Medical has failed to provide the sales and marketing reports despite Candela repeatedly requesting the same.

47. AE Medical's failure to provide the quarterly sales and marketing reports is a clear breach of Section 3.8 of the Agreement and of the implied duty of good faith and fair dealing.

317114213

### J.     AE Medical Breached Its Obligations to Provide Forecasts.

48. Section 5.1 of the Agreement requires that AE Medical provide Candela with Forecasts outlining AE Medical's 3- and 12-month sales forecasts. Under the terms of the Agreement, AE Medical must update these Forecasts every three months. *See* Exhibit 1 [Dist. Agree.] at § 5.1 ("Distributor shall provide Candela not later than ninety (90) days prior to the beginning of each calendar year with a twelve (12) month nonbinding forecast of its projected requirements for the Products for the year and a three (3) month nonbinding forecast of its requirements for the first three months of the year (the 'Forecast')").

49. Candela has repeatedly asked for the required forecasts, which AE Medical has failed to produce in violation of its obligations under the Agreement and in violation of the implied duty of good faith and fair dealing.

### K.     AE Medical Breached Its Obligation to Not Have Third Parties Distribute Products.

50. Section 3.3 of the Agreement prohibits AE Medical from using third parties to distribute the Products without Candela's prior written approval. *See* Exhibit 1 [Dist. Agree.] at § 3.1 ("As of the Effective Date and for the entire Term of this Agreement, Distributor shall refrain from having any third parties distribute the Products without Candela's prior written approval").

51. At no relevant time has Candela has provided approval to AE Medical to use third parties to distribute Products.

52. In September 2024, Candela was contacted by a customer that provided information showing that AE Medical attempted to sell a Device to a customer through a third party, Frumos LLC.

53. AE Medical's appointment as distributor was for the Market, as defined in the Agreement as end user customers – not middleman like Frumos LLC. *See* Exhibit 1 [Dist. Agree.] at *1 (First "Whereas" clause).

54. Sales by AE Medical outside of the Market are in violation of the Agreement, in particular Section 1.3 and Section 2.1 of the Agreement.

55. The above failures constitute material breaches of the Agreement, and also further constitute material breaches of the representations, warranties and obligations of AE Medical detailed in the sections above, for example, failure to comply with applicable law, conduct customer training and meet service obligations including but not limited to tracking of installed devices and use of Candela's ServiceMax system.

**L.    Candela's Demand For Compliance With the Distributorship Agreement and Termination of the Agreement.**

56. Despite Candela's numerous attempts to work in good faith with AE Medical to arrive at a mutually agreeable resolution to the above-described breaches, AE Medical has refused to act in good faith and has refused to meet its obligations under the Agreement.

57. Accordingly, On June 16, 2025, Candela sent a formal demand to AE Medical, ***attached hereto as Exhibit 2***, requiring that AE Medical act to cure the breaches described above.

58. To date, AE Medical has not rectified any of the breaches described above and in the June 16, 2025 letter.

59. AE Medical's conduct shows that it has abandoned the Agreement and has substantially ceased to carry on its business with respect to selling the Devices.

60. Accordingly, on July 18, 2025, Candela sent to AE Medical a formal Notice of Termination letter, whereby, pursuant to the terms of the Agreement, Candela formally terminated the Agreement. *See* Exhibit 1 [Dist. Agree,] at § 10.2 ("[E]ach Party shall have the right to

terminate this Agreement at any time with immediate effect by providing written notice to the other party [if] the other Party shall fail to perform or shall be in breach of any of its obligations under this Agreement and such failure or breach cannot be rectified … or shall not be rectified within thirty (30) days after receiving a written notice from the other Party.").

## COUNT I
**Declaratory Judgment**

61. Candela restates and incorporates herein by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

62. Candela and AE Medical entered into the Agreement, which became effective as of April 1, 2018.

63. An actual and bona fide controversy between the parties exists about the parties' rights and obligations under the terms and conditions of the Agreement.

64. AE Medical has materially breached the Agreement in numerous ways, as described in the preceding paragraphs.

65. By way of the July 18, 2025 letter, Candela sent AE Medical a notice to terminate the Agreement because of AE Medical's numerous breaches.

66. Nevertheless, AE Medical contends that Candela may not terminate the Agreement.

67. Candela, therefore, is entitled to a declaration that the Agreement has been properly terminated because of AE Medical's numerous material breaches and is no longer in effect.

WHEREFORE, Candela requests that the Court enter a judgment in its favor and against AE Medical with a declaration stating that the Agreement is terminated and award it all costs, reasonable attorneys' fees, and any other relief that this Court deems just and proper.

## COUNT II
### Breach of Contract

68. Candela restates and incorporates herein by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

69. Candela and AE Medical entered into the Agreement, which became effective as of April 1, 2018.

70. The Agreement is a valid and binding contract.

71. AE Medical has materially breached the Agreement in numerous ways, as described in the preceding paragraphs.

72. AE Medical's breaches of the Agreement are both breaches of explicit terms of the Agreement and breaches of the implied duty of good faith and fair dealing.

73. Each of AE Medical's material breaches directly and proximately caused Candela to incur damages in excess of $75,000, most notably, the loss of sales associated with AE Medical's repeated failure to meet the quarterly minimums that AE Medical agreed to.

317114213

WHEREFORE, Candela requests that the Court enter judgment in its favor and against AE Medical in an amount to be determined at trial and award it all costs, reasonable attorneys' fees, and any other relief that this Court deems just and proper.

Dated:  July 18, 2025

Respectfully submitted:

Of Counsel:

Gregory J. Hauck
(*pro hac vice* application to be submitted)
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Phone:  215-981-4179
Email: gregory.hauck@troutman.com

*/s/ Judah H. Rome*
Judah H. Rome
BBO# 695997
TROUTMAN PEPPER LOCKE LLP
One Financial Plaza
Suite 2800
Westminster Street
Providence, RI 02903
Phone: 401-276-6433
Email: judah.rome@troutman.com

*Attorneys for Plaintiff*
*Candela Corporation*

317114213